UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 05-96-DCR
CIVIL NO. 07-03-DCR

UNITED STATES OF AMERICA                                     PLAINTIFF


VS:                    RECOMMENDED DISPOSITION OF § 2255 MOTION


BILLY J. NANTZ                                          DEFENDANT

*  *  *  *  *

Defendant Billy Nantz, proceeding *pro se*, filed the instant 28 U.S.C. § 2255 motion in January 2007.  *See* DE #26.  The District Court, which sentenced Nantz, referred the matter to the undersigned.  Having fully considered the record, including the § 2255 petition, Nantz's supporting memorandum, and the United States's response in opposition, the matter is ripe for decision.  *See* DE## 26 & 34.[1]  For the reasons stated herein, the Court recommends that the District Court DENY the § 2255 motion.

**I.  Background**

Defendant Billy Nantz pled guilty, pursuant to a plea agreement, to one count of manufacturing 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1).  *See* DE# 23

---

[1] Nantz also filed a second and procedurally–irregular § 2255 motion in May 2007.  *See* DE# 36.  Other than providing a cover sheet that featured two introductory paragraphs, the second motion is a copy of the first § 2255 petition and supporting memorandum.  It is unclear whether Nantz misunderstood the Court's order affording the opportunity to reply, *see* DE# 35, or whether he is merely impatient with the Court's progress in this matter.  *See, e.g.*, DE# 37 Letter from Nantz.  The Court evaluates the matter as presenting only one motion, given the substantive duplication in the May filing.  *See also* n.5, *infra*.

Judgment at 1; DE# 21 Plea Agreement ¶ 2. Nantz received a sentence of 30 months imprisonment and four years of supervised release. *See* Judgment at 2-3.

The § 841(a)(1) conviction carried a five-year mandatory minimum sentence, but the District Court determined that Nantz qualified for the "safety valve" provision, thus avoiding the statutory minimum. *See* 21 U.S.C. § 841(b)(1)(B)(vii); DE# 33 Sentencing at 4; 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a) (2005). Under the Guidelines, the safety valve section mandated a base offense level of at least 17 in this case.[2] *See* U.S.S.G. § 5C1.2(b) (2005). The District Court also assessed Nantz one criminal history point.[3] Movant's criminal history category (I) and offense level resulted in a Guideline range of 24-30 months of imprisonment. *See* DE# 33 Sentencing at 4; U.S.S.G. § 5A (2005). Thus, Defendant's 30 month sentence was within the Guideline range, and was only half of the applicable statutory minimum. *See*, *e.g*., Sentencing at 8.

Defendant did not pursue an appeal, even though Nantz retained the right to appeal the sentence. *See* DE# 26 Petition at 3. Pursuant to the plea agreement, Nantz waived the right to

---

[2]

Ordinarily, the number of marijuana plants alleged, *i.e.*, 100 or more (with a stipulation at 172), would result in a base offense level of 16. *See* U.S.S.G. § 2D1.1(c)(12) (2005); *see also id*. at n. 23 (explaining that 1 marijuana plant equals 100 grams of marijuana). As the plea agreement reflects, Defendant was also eligible for at least a two-level reduction for acceptance of responsibility, pursuant to § 3E1.1. *See* DE# 21 Plea Agreement ¶ 4. A two-level § 3E1.1 adjustment would have reduced Nantz's offense level to 14. However, the five-year mandatory minimum sentence on the § 841(a)(1) charge required a base offense level of at least 17 under § 5C1.2(b), irrespective of the provisions in § 2D1.1 or § 3E1.1. *See* U.S.S.G. § 5C1.2(b) (2005) ("In the case of a defendant . . . for whom the statutorily required minimum sentence is at least five years, the offense level applicable from Chapters Two (Offense Conduct) and Three (Adjustments) shall be not less than level 17.").

[3]

A prior state criminal matter, involving ATV violations and evading and resisting arrest charges, was the basis for the criminal history point assessed. *See* DE# 33 Sentencing at 4-5; DE# 26 Supporting Memo ¶ 1. Nantz paid a fine as a result of the incident, but he claims that he served no term of imprisonment. *See* Sentencing at 5; Supporting Memo ¶¶ 2-3.

2

appeal or collaterally attack his guilty plea and conviction. *See* DE# 21 Plea Agreement ¶ 8. The instant § 2255 motion only attacks Nantz's sentence, and thus complies with the waiver. *See id.*

## II.  Issues

Nantz alleges ineffective assistance of counsel, claiming that counsel should have objected to the criminal history point assessed by the District Court; should have requested a departure for diminished capacity, per § 5K2.13; should have objected when the District Court failed to apply a two-level adjustment for acceptance of responsibility, per § 3E1.1; and should have objected to District Court's application of § 5C1.2(b), which set the offense level at 17. Defendant also claims that the District Court denied him equal protection and due process by refusing the § 3E1.1 adjustment for acceptance of responsibility.

The United States contends that Nantz defaulted some arguments by failure to appeal. The United States alternatively argues that the ineffective assistance claims fail on the merits.

## III.  Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner may seek relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. *See* 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a petitioner must establish that the error had a "substantial and injurious effect or influence on the proceedings." *See Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 113 S.Ct. 1710, 1721-22 (1993)). To prevail on a motion alleging non-constitutional error, a petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a

violation of due process." *See Watson*, 165 F.3d at 488 (citing *Hill v. United States*, 82 S.Ct. 468, 471 (1962)).

The Court additionally recognizes Defendant's *pro se* status. *Pro se* petitions receive a comparatively lenient construction by the Court. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (holding that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

## IV. Analysis

### *Default*

As a threshold matter, the United States asserts that Nantz defaulted his claims by failing to appeal. *See United States v. Frady*, 102 S.Ct. 1584, 1593 (1982)("[A] collateral challenge may not do service for an appeal."); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)("Section 2255 is not a substitute for a direct appeal."). The procedural default rule, however, does not apply to ineffective assistance claims, which generally are not cognizable on direct appeal. *See Massaro v. United States*, 123 S.Ct. 1690, 1694 (2003); *United States v. Combs*, 369 F.3d 925, 940 (6th Cir. 2004). Thus, the default rule applies, if at all, only to Defendant's Equal Protection Clause claim.

The Court may review a defaulted claim only if a petitioner demonstrates: i) "cause" for failing to raise an issue on direct appeal, and "actual prejudice," or ii) that he is "actually innocent." *See Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998). Here, Nantz has failed to address or establish either exception. Even though the United States raised the default issue in its response, Nantz never filed an actual reply. Consequently, the default rule applies and bars Movant's equal

4

protection/due process claim on collateral review. *See Frady*, 102 S.Ct. at 1593; *Bousley*, 118 S.Ct. at 1611.

The Court, however, considers Nantz's ineffective assistance of counsel claims on the merits, since those arguments are excepted from the default rule. *See Massaro*, 123 S.Ct. at 1694; *Combs*, 369 F.3d at 940.

### Ineffective Assistance of Counsel

To establish ineffective assistance, a defendant must show that counsel's performance was constitutionally deficient and prejudicial. *See Strickland v. Washington*, 104 S.Ct. 2052, 2064 (1984); *Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002). The first prong requires a showing that counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 104 S.Ct. at 2064. This standard is "highly deferential," and there is a "strong presumption" that counsel rendered adequate assistance. *See id*. at 2065. Under the second prong, a defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id*. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. *See id*.

Here, Nantz contends that counsel should have objected to the assessed criminal history point; should have requested a § 5K2.13 departure for diminished capacity; should have objected when the District Court failed ultimately to apply a two-level adjustment for acceptance of responsibility, per § 3E1.1; and should have objected to the District Court's application of § 5C1.2(b), which led to the base offense level of 17 employed in sentencing.

<u>Criminal History Score</u>

The District Court assessed Nantz one criminal history point based on state court charges for ATV violations and evading and resisting arrest. *See* DE# 33 Sentencing at 4-5; DE# 26 Supporting Memo ¶ 1. Defendant claims he paid a fine as a result of the incident, but served no sentence of imprisonment. *See* Sentencing at 5; Supporting Memo ¶¶ 1-3. Thus, Nantz contends that the matter should not have been included in his criminal history computation.

The disputed point, however, had *no effect* on Nantz's Guideline range. Criminal history category I applies to defendants who have one or less criminal history points. *See* U.S.S.G. § 5A (2005)(sentencing table). Here, the criminal history point at issue is the only point that Nantz received. *See* Sentencing at 4. Thus, Defendant would have been in the same criminal history category, even if the District Court had never assessed the point. Consequently, counsel could not have prejudiced Nantz by failing to contest Nantz's criminal history score as assessed. *See*, *e.g.*, *United States v. Craig*, 194 Fed. Appx. 171, 173 (4th Cir. 2006)("Even assuming, *arguendo*, that this two-point assessment was in error, it had no effect on Craig's sentencing, as he still would have qualified for a criminal history category of VI, even without the disputed two points. Hence, his claim has no merit."). This ineffective assistance claim must fail since, as a matter of law, no prejudice exists.[4] *See id.*; *Strickland*, 104 S.Ct. at 2068.

<u>Diminished Capacity</u>

Nantz next contends that counsel should have requested a departure for diminished capacity, per § 5K2.13. That provision permits a downward departure if i) the defendant committed an offense while suffering from a significantly reduced mental capacity, and ii) the reduced mental

---

[4] The single criminal history point also did not affect Defendant's safety valve eligibility.

capacity contributed substantially to the commission of the offense.  *See* U.S.S.G. § 5K2.13 (2005).

Nantz asserts that he is "eligible" under § 5K2.13 because he "only possess[es] a 9th grade

[education] from the hills of Kentucky."  *See* DE# 25 Supporting Memo ¶¶ 4-5.  This is the complete

factual basis Nantz cites in support of the argument.  However, "lack of education cannot alone

provide the basis for a diminished mental capacity finding under U.S.S.G. § 5K2.13."  *United States*

*v. Barajas-Nunez*, 91 F.3d 826, 832 (6th Cir. 1996).  The record and Defendant's argument being

insufficient *per se* to establish a § 5K2.13 departure, counsel's failure to raise that issue could not

constitute ineffective assistance.  *See Strickland*, 104 S.Ct. at 2064, 2068.

§ 3E1.1 Acceptance of Responsibility Adjustment & § 5C1.2(b)

In the final two claims, Nantz contends that counsel should have objected to the District

Court's Guideline calculation.  Defendant claims that the Court failed to reduce the base offense

level of 16, as determined in § 2D1.1, by a two-level adjustment for acceptance of responsibility,

per § 3E1.1.  Instead, the District Court determined that § 5C1.2(b) mandated a base offense level

of at least 17, despite the adjustment provisions in § 2D1.1 and § 3E1.1.  *See* DE# 33 Sentencing at

4.  Nantz essentially contends that the District Court could have disregarded § 5C1.2(b) and

enforced § 2D1.1 and § 3E.1.1 because *United States v. Booker*, 125 S.Ct. 738 (2005) rendered the

Sentencing Guidelines advisory.

Defendant clearly misinterprets *Booker*.  Although the Guidelines became non-binding after

*Booker*, "[s]entencing courts must still take the guidelines into account and *must construe the*

*guidelines properly* in doing so."  *See United States v. Forrest*, 402 F.3d 678, 684 (6th Cir.

2005)(emphasis added).   "*Booker* did not purport to give sentencing courts discretion to ignore individual Guidelines provisions." *United States v. Andres*, 178 Fed. Appx. 736, 741 (9th Cir. 2006).

In this case, § 5C1.2(b) plainly applied because the § 841(a)(1) charge, on the particular substance and quantity, carried a mandatory five-year minimum sentence. *See* U.S.S.G. § 5C1.2(b) (2005) ("In the case of a defendant . . . for whom the statutorily required minimum sentence is at least five years, the offense level applicable from Chapters Two (Offense Conduct) and Three (Adjustments) shall be not less than level 17."). To "properly calculate and consider the appropriate Guideline range," the District Court therefore had to assess an offense level of at least 17.  *See United States v. Anderson*, 187 Fed. Appx. 517, 523 (6th Cir. 2006).  Nantz provides no legitimate basis to contest the District Court's Guideline calculation, and the corresponding ineffective assistance claim thus fails.  The effect of § 5C1.2(b) is to create an offense-level floor, irrespective of other chapter 2 and 3 provisions.[5]  *See also United States v. Bovee*, 291 F. Supp. 2d 557, 564

---

[5]

The cover sheet attached to Nantz's May 2007 § 2255 motion suggests that Defendant either misunderstood the plea agreement or that the United States breached its terms because Nantz never received a two-level adjustment for acceptance of responsibility.  *See* DE# 36.  The United States pledged to recommend the adjustment in the plea agreement.  *See* DE# 21 Plea Agreement ¶ 4. However, the plea agreement provided that the recommendation would not bind the District Court, and Defendant signed the agreement, acknowledging that he understood its provisions.  *See id*. ¶¶ 4, 11.

Although Defendant complains that the safety valve provision, via § 5C1.2(b), "stripped away" the acceptance of responsibility adjustment, Nantz overlooks that the safety valve provision ultimately benefitted his Guideline calculation.  *See* DE# 36.  Without the safety valve provision, the Guideline range in this case would have been the five-year mandatory minimum sentence.  *See* U.S.S.G. § 5G1.1(b) (2005) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline range."); *see also Bovee*, 291 F. Supp. 2d at 564 (rejecting theory that § 5C1.2 "stripped" defendant of acceptance credit).   Nantz's argument, that he either misunderstood the plea agreement or the United States breached its terms, provides no valid basis for relief even if entertained by the Court.

(E.D. Mich. 2003) (rejecting same theory and noting "there is an additional consequence of qualifying for the safety valve . . . : The safety valve floor of § 5C1.2(b) is triggered.").  *See also United States v. Nunez*, 209 Fed. Appx. 896, 898 (11th Cir. 2006)("The net effect on the final sentence in some cases is the same as disallowing a reduction for acceptance of responsibility, or disallowing any other reduction that would have caused the offense level to fall below 17. That is simply the way the guidelines work, and there is nothing in them that prohibits it.")(citation omitted).

Because Defendant's ineffective assistance of counsel claims have no merit, the Court rejects Nantz's § 2255 motion.  The rejected claims do not establish an error having a "substantial and injurious effect or influence on the proceedings," or a "fundamental defect which inherently results in a complete miscarriage of justice."  *See Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  **V.  Evidentiary hearing**

Nantz requested an evidentiary hearing only in his duplicative, May 2007 filing.  On this record, the Court finds that such relief is unnecessary.  The reviewing court need not conduct a hearing if the allegations in the petition are inherently incredible, refuted by the record, or conclusory.  *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Blanton v. United*

---

Defendant plainly knew that the plea agreement did not bind the District Court, and Defendant further knew the effect of § 5C1.2(b), relative to his range, prior to sentencing.  *See* DE #33 Sentencing at 2 (noting Defendant's receipt of and opportunity to review PIR); DE #24 PIR at ¶21 (discussing § 5C1.2(b) and assigning final offense level of 17).  Neither side objected.  *See* DE #33 Sentencing at 3.  The District Court also painstakingly explained the mechanics at sentencing.  *See id.* at 4.  The record conclusively fails to support any effort to establish that Nantz did not understand the posture or that the United States somehow breached the plea agreement.  Further, in the context of the § 2255 claims actually presented, the record simply evinces no reasonable contrary argument or prejudice for Defendant, who received safety valve relief and a Guidelines-based sentence premised on the range textually prescribed for this safety valve context.

*States*, 94 F.3d 227, 235 (6th Cir. 1996).  Here, no substantial factual conflict exists, and the record conclusively demonstrates that Nantz's § 2255 claims are without merit.  *See Blanton*, 94 F.3d at 235.  Thus, this matter warrants no additional evidentiary development.

## VI.  Certificate of Appealability

A Certificate of Appealability may issue where the petitioner has made a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  This requires the movant to demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).  The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement.  *See* 28 U.S.C. § 2253(c)(3);  *see also Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001)(requiring an "individualized determination of each claim" in considering whether to grant a certificate of appealability).

The determination on the merits is not debatable in this case.  Nantz has not made a "substantial showing" as to any claimed denial of qualifying rights.  Therefore, the Court recommends that the District Court refuse to certify any issues for appeal, should movant request such certification.

## VII.  Recommendation

For all of the reasons stated in this decision, the Court **RECOMMENDS** that:

1) the District Court DENY, with prejudice, Defendant's § 2255 motion, *see* DE## 26 & 36; and

2) the District Court refuse a Certificate of Appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within ten days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

This the 22nd day of October, 2007.



Signed By:

**_Robert E. Wier_**

**United States Magistrate Judge**