UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 05-96-DCR |
| | ) | Civil Action No. 6: 07-03-DCR |
| V. | ) | |
| | ) | |
| BILLY J. NANTZ, | ) | **ORDER** |
| | ) | |
| Defendant/Petitioner. | ) | |

*** *** *** ***

This matter is before the Court for consideration of Defendant/Petitioner Billy J. Nantz's

*pro se* motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255.

[Record Nos. 26, 36][1]  Consistent with local practice, this matter was referred to United States

Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).  The

---

[1]

In May 2007, Nantz filed an additional "Motion for Order" asking this Court to review his plea agreement despite his waiver of his right to appeal his guilty plea and conviction. [Record No. 36]  Additionally, Nantz repeats several of the allegations in his petition, attaches his original supporting memorandum, and asks the Court to correct the spelling of his name in several Court documents. [*Id*.]

In reviewing this motion, the Magistrate Judge noted that it was unclear whether Nantz misunderstood the Court's affording him the opportunity to reply, or whether he was impatient with the Court's progress in the matter. [Record No. 38, n.1]  However, because the later filing substantively duplicated Nantz's original motion to vacate, the Magistrate Judge evaluated the matter as presenting only one motion.  This Court agrees with the Magistrate Judge's construction of the "Motion for Order" and will also construe the motions together.  The Court further notes that Nantz's motion to vacate only raises issues relative to his sentencing.  Therefore, the waiver in his plea agreement is inapplicable to the issues currently before the Court.

-1-

Magistrate Judge filed his Recommended Disposition on October 22, 2007.  [Record No. 38] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Nantz's motion be denied.  Neither party has filed objections to the Magistrate Judge's Report and Recommendation.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal.  *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).  Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition.

On March 14, 2006, Nantz entered a guilty plea to manufacturing 1,000 or more plants of marijuana in violation of 21 U.S.C. § 841(a)(1).  Thereafter, on June 26, 2006, he was sentenced to 30 months of imprisonment and four years of supervised release. [Record No. 23] This sentence fell within the recommended Guideline range and was only half of the applicable statutory mandatory minimum of five years as a result of the application of the safety valve provision.  *See* 21 U.S.C. § 8419b)(1)(B)(vii);  U.S.S.G § 5C1.2(a).  In his plea agreement, Nantz waived the right to appeal or collaterally attack his guilty plea and conviction, but retained his rights with respect to his sentence.

In his motion, Nantz alleges ineffective assistance of counsel in connection with his sentencing.  In particular, he claims that his counsel should have objected to the assessment of one criminal history point, should have requested a departure for diminished capacity, should have objected when this Court did not apply a two-level adjustment for acceptance of responsibility, and should have objected to the Court's application of U.S.S.G. § 5C1.2(b), which set the offense level at 17.  He further claims that the denial of credit for acceptance of responsibility violated his constitutional rights.

The Magistrate Judge concluded that Nantz's claim of denial of his constitutional rights was defaulted because Nantz did not pursue it on direct appeal and failed to establish an exception allowing this Court to review a defaulted claim.  *See Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003).  Additionally, the Magistrate Judge concluded that all of Nantz's ineffective assistance of counsel claims must fail on the merits.  More specifically, the Magistrate Judge found that the assessment of one criminal history point did not affect Nantz's criminal history category and, thus, Nantz could not show prejudice as required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  With respect to Nantz's alleged diminished capacity pursuant to U.S.S.G. § 5K2.13, the Magistrate Judge found that Nantz's allegation of lack of education was *per se* insufficient to warrant a departure.  *See United States v. Barajas-Nunez*, 91 F.3d 826, 832 (6th Cir. 1996).  Finally, the Magistrate Judge concluded that Nantz's arguments concerning acceptance of responsibility and base offense level calculation were wholly without merit under *United States v. Booker*, 543 U.S. 220 (2005).

This Court agrees with the Magistrate Judge's thorough analysis and reasoned conclusions. Nantz has defaulted his constitutional claims by failing to pursue a direct appeal, and his claims for ineffective assistance of counsel fail on the merits. And because the claims asserted in his motion pursuant to § 2255 are clearly without merit, he has failed to demonstrate a substantial factual conflict warranting an evidentiary hearing or a substantial showing of the denial of a constitutional right entitling him to a Certificate of Appealability.

Accordingly, it is hereby **ORDERED** as follows:

1.      The Magistrate Judge's Recommended Disposition [Record No. 38] is **ADOPTED** and **INCORPORATED** by reference.

2.      Nantz's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 and "Motion for Order" [Record Nos. 26, 36] are **DENIED**.

3.      Nantz' request for an evidentiary hearing is **DENIED**.

4.      A Certificate of Appealability shall not issue because Nantz has not made a substantial showing of the denial of any substantive constitutional right;

5.      This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 20th day of November, 2007.



Signed By:

_Danny C. Reeves_   DCR

**United States District Judge**